```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

MELISSA BRINKER,                  )
                                  )
            Plaintiff,            )
                                  )
                                  )  Case No. CIV-18-359-RAW-KEW
                                  )
COMMISSIONER OF THE SOCIAL        )
SECURITY ADMINISTRATION,          )
                                  )
            Defendant.            )
```

**REPORT AND RECOMMENDATION**

Plaintiff Melissa Brinker (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. § 404.1520.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. § 404.1521. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 38 years old at the time of the ALJ's decision. She has a high school education and worked in the past as a sewing machine operator and technician. Claimant alleges an inability to work beginning February 23, 2016, due to limitations of fibromyalgia, carpal tunnel syndrome, spinal stenosis, scoliosis, depression, bipolar disorder, anxiety, and insomnia.

### Procedural History

On March 10, 2016, Claimant protectively filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On

July 5, 2017, Administrative Law Judge("ALJ") Michael Harris conducted an administrative hearing in Oklahoma City, Oklahoma, at which Claimant appeared and testified. On January 12, 2018, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on September 14, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work, with limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error by failing to properly evaluate the opinion of consulting psychologist Stephanie Crall, Ph.D., under 20 C.F.R. § 404.1527(c). She contends that the ALJ's reason for assigning only partial weight to Dr. Crall's opinion was improper.

### Consideration of Dr. Crall's Opinion

In his decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease, fibromyalgia, affective disorder, bipolar disorder, past substance addiction disorder, and

4

history of bilateral carpal tunnel syndrome. (Tr. 21). He determined Claimant could perform sedentary work with additional limitations. In so doing, he found Claimant could perform simple, routine, and repetitive tasks with routine supervision performed in a work environment free of mandatory fast-paced quota levels involving only simple work-related decisions. Claimant could relate to supervisors and peers on a superficial work basis, but she could not relate to the general public. Claimant could adapt to routine work place changes. (Tr. 23).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant retained the RFC to perform the representative jobs of final assembler optical goods, surveillance monitor, and jewelry preparer, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 31-32). As a result, the ALJ concluded Claimant was not under a disability from February 23, 2016, her alleged onset date, through the date of the decision. (Tr. 32).

At the conclusion of Claimant's hearing, the ALJ became concerned based upon his observations of Claimant of whether she could maintain concentration, persistence or pace in a work setting. He directed that Claimant undergo a post-hearing mental consultative examination. (Tr. 29). Claimant was examined by Dr. Crall on August 22, 2017. (Tr. 746-49). Upon examination, Dr. Crall noted Claimant "was alert, oriented, pleasant, and

5

cooperative throughout the examination." She found Claimant's "speech was logical, goal-directed, and fully intelligible." (Tr. 746). She believed Claimant's "depression impaired [her] ability to complete typical activities of daily living[.]" (Tr. 747). Dr. Crall diagnosed Claimant with major depressive disorder, severe without psychotic features; bipolar disorder (by report); unspecified anxiety disorder; generalized anxiety disorder (provisional); and panic disorder (provisional). (Tr. 748). Dr Crall's general impressions included that: (1) "[Claimant's] ability to engage in work-related mental activities, such as sustaining attention, understanding, and remembering and to persist at such activities was likely adequate for simple and some complex tasks[;]" and (2) "[D]epression, anxiety, and chronic pain likely impaired [Claimant's] ability to adapt to a competitive work environment[.]" (Tr. 748). Dr. Crall did not expect Claimant's condition to improve or change significantly within the next twelve months, but Claimant appeared capable of managing any awarded benefits in her own interest. (Tr. 749).

Dr. Crall also completed a mental medical source statement, wherein she determined Claimant had no impairments with her ability to understand, remember, and carry out instructions. However, she determined Claimant had moderate limitations in her abilities to interact appropriately with the public, supervisors, co-workers, and respond appropriately to usual work situations and to changes

in a routine work setting. Dr. Crall made a notation that Claimant's "[d]epression and anxiety significantly impair [her] ability to interact in an employment setting." She indicated no other capabilities were affected by Claimant's impairments, and Claimant could manage her own benefits. (Tr. 750-52).

An ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003). "The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). An ALJ must provide specific, legitimate reasons for rejecting any such opinion, and must give consideration to several factors in weighing a medical opinion. *Id*. An ALJ is not required to apply all the factors to a case. See *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). "As long as the ALJ provides 'good reasons in his decision for the weight he gave to the . . . opinion[], [n]othing more [is] required[.]' . . . What matters is that the decision is 'sufficiently specific to make clear to any subsequent reviewer[] that weight the adjudicator gave to the . . . opinion and the reasons for that weight.'" *Mounts v. Astrue*, 479 Fed. Appx. 860, 865 (10th Cir. 2012), quoting *Oldham*, 509 F.3d at 1258. However, a court cannot provide "post-hoc reasons" for

7

the ALJ's decision. *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011).

The ALJ discussed Dr. Crall's findings and opinions in the decision. (Tr. 29-31). He specifically listed the opinions reached by Dr. Crall and then assigned them "partial weight." As the sole reason for assigning Dr. Crall's opinions "partial weight," the ALJ stated "[t]his opinion was given partial weight due to the short treatment relationship." (Tr. 30-31).

The ALJ's analysis of Dr. Crall's opinion is in error. The only reason given by the ALJ for assigning partial weight to Dr. Crall's opinions is that Claimant and Dr. Crall had a short treatment relationship. In *Chapo v. Astrue*, 682 F.3d 1285 (10th Cir. 2012), the Tenth Circuit Court of Appeals determined that this reason alone was not enough to discount an examining opinion. Specifically, the court determined:

> [The ALJ's] justification consisted of one point: "because at the time of the hearing, Dr. Vega had been in a professional relationship with [Ms. Chapo] for merely two months." . . . This may be a valid reason not to accord Dr. Vega's findings the conclusive weight of a treating medical-source opinion, but that just effectively reduces them to the status of an examining-source opinion; it is not by itself a basis for rejecting them—otherwise the opinions of consultative examiners would essentially be worthless, when in fact they are often fully relied on as the dispositive basis for RFC findings. The Commissioner has not cited a single authority for the facially dubious proposition that the opinion of an examining medical source is, as such, dismissible. To the contrary, as the regulations governing medical opinions recognize, an examining medical-source opinion is, as such, given particular

8

>     consideration: it is presumptively entitled to more
>     weight than a doctor's opinion derived from a review of
>     the medical record. An opinion found to be an examining
>     rather than treating medical-source opinion may be
>     dismissed or discounted of course, but that must be based
>     on an evaluation of all of the factors set out in the
>     cited regulations and the ALJ must "provide specific,
>     legitimate reasons for rejecting it." The ALJ did not
>     do that here—the ALJ's assessment simply ended with the
>     recognition of Dr. Vega's limited professional
>     relationship with Ms. Chapo.

*Id.* at 1291 (citations and footnotes omitted); *see also Kellams v. Berryhill*, 696 Fed. Appx. 909, 918-19 (10th Cir. 2017) (relying on *Chapo* and stating that "the ALJ discounted the FCE, in part, because Mr. Moore examined Mr. Kellams only once. That, however, was not a valid reason, standing alone, for discounting the FCE.").

Moreover, based upon the RFC determination, the ALJ accepted certain limitations and/or included limitations in the RFC related to Dr. Crall's opinions. However, for the limitations that he chose not to include, the ALJ failed to explain why Dr. Crall's opinions were not credible. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"); *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004).

On remand, the ALJ should explain what portions of Dr. Crall's opinions he is adopting, what portions he is assigning partial weight, and what portions he is rejecting. He should rely on the relevant factors in determining the weight to afford the opinions.

If necessary, the ALJ should reassess Claimant's RFC based upon any reevaluation of Dr. Crall's opinions.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of the Social Security Administration should be REVERSED and the case REMANDED for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 2nd day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE